491-14/MF

FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Plaintiff*
*Hapag-Lloyd (America), LLC*
549 Summit Ave.
Jersey City, NJ 07306
(973) 623-5514
Michael Fernandez
fernandez@freehill.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

HAPAG-LLOYD (AMERICA), LLC.,

               Plaintiff,

     - against-

JUNCTION INTERNATIONAL LOGISTICS,
INC., INTERNATIONAL FRESH TRADING
CORP., QINGDAO CHONGZHI
INTERNATIONAL TRANSPORTATION CO.,
LTD., and JOHN DOE CUSTOMS BROKER,

               Defendant.

**COMPLAINT**

     Plaintiff, HAPAG-LLOYD (AMERICA), LLC by its attorneys, Freehill Hogan & Mahar, LLP, as and for its Complaint against JUNCTION INTERNATIONAL LOGISTICS, INC., INTERNATIONAL FRESH TRADING CORP., QINGDAO CHONGZHI INTERNATIONAL TRANSPORTATION CO., LTD. and JOHN DOE CUSTOMS BROKER allege on information and belief as follows:

**JURISDICTION**

     1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as this matter arises out of claims relating to ocean bills of lading concerning the import of cargo into the United States, and is governed by federal statutes

445099.1

and common law related thereto.   This Honorable Court has jurisdiction over the subject matter of these claims under 28 U.S.C. §1333, as well as the Court's pendent, supplementary and ancillary jurisdiction under 28 U.S.C. §1367.

2.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the value of the amount in controversy exceeds $75,000, exclusive of costs and interest, and there is complete diversity of citizenship among the parties.

<u>**PARTIES**</u>

3.     At all material times, HAPAG-LLOYD (AMERICA), LLC. ("HL"), was and is a corporation organized and existing by virtue of the laws of the State of Delaware and maintains a principal place of business at 399 Hoes Lane, Piscataway, NJ 08854, and at all relevant times acted as the U.S. affiliate for HAPAG-LLOYD A.G.

4.     Upon information and belief, at all times hereinafter mentioned, defendant JUNCTION INTERNATIONAL LOGISTICS, INC. ("JUNCTION"), was and is a corporation located in California and maintains a place of business at 17870 Castleton St., Suite 105, City of Industry, CA 91748.

5.     Upon information and belief, at all times hereinafter mentioned, defendant INTERNATIONAL FRESH TRADING CORP. ("INTERNATIONAL FRESH"), was and is a corporation located in California and maintains a place of business at 5646 N. Willard Avenue # F, San Gabriel, CA 91776.

6.     Upon information and belief, at all times hereinafter mentioned, defendant QINGDAO CHONGZHI INTERNATIONAL TRANSPORTATION CO., LTD ("QINGDAO"),

445099.1

was and is a foreign corporation located in China and maintains a place of business at Room 502

Unit A #41, Donghai West Road, Qingdao, China 266071.

    7.    Upon information and belief, at all times hereinafter mentioned, defendant JOHN

DOE CUSTOMS BROKER ("JOHN DOE"), was and is a corporation located in the United

States.

## FACTUAL ALLEGATIONS

    8.    In August 2014, HL transported seven refrigerated containers of garlic ("Goods")

by ocean vessel from Qingdao, China to New York, New York pursuant to seven separate bills

of lading.  The bill of lading numbers, dates, vessels, and container numbers are as follows:

| B/L Number | B/L Date | Vessel | Container Number |
|---|---|---|---|
| HLCUTA1140768979 | August 2, 2014 | RHL FELICITAS | HLXU8755999 |
| HLCUTA1140768980 | August 2, 2014 | RHL FELICITAS | HLXU6728459 |
| HLCUTA1140768957 | August 2, 2014 | RHL FELICITAS | HLXU8723667 |
| HLCUTA1140769006 | August 2, 2014 | RHL FELICITAS | TCLU1181365 |
| HLCUTA1140769380 | August 2, 2014 | RHL FELICITAS | TCLU1183882 |
| HLCUTA1140782200 | August 2, 2014 | WEHR SINGAPORE | HLXU6741595 |
| HLCUTA1140782193 | August 2, 2014 | WEHR SINGAPORE | HLXU6729706 |

A true and correct copy of each bill of lading is attached hereto as Exhibit 1.  A copy of

HL's bill of lading standard terms and conditions is attached hereto as Exhibit 2.

    9.    Each bill of lading listed QINGDAO as the shipper and JUNCTION as the

consignee and notify party.

445099.1

10.     Based on information and belief, JUNCTION was acting as a freight forwarder for INTERNATIONAL FRESH, which was the actual, intended consignee of the Goods.

11.     Based on information and relief, JOHN DOE acted as a customs broker on behalf of the shipper and/or consignee with respect to the seven containers of Goods in this matter.

12.     QINGDAO, JUNCTION, INTERNATIONAL FRESH, and JOHN DOE each qualify as the "Merchant" as that term is defined in HL's bill of lading standard terms and conditions.

13.     In accordance with the terms of the applicable bills of lading, the seven aforementioned containers and Goods therein were discharged at Global Container Terminal ("Global") in the Port of New York/New Jersey on or about September 4, 2014.

14.     After several days of "free time" following their discharge from the vessel, the containers began to accrue demurrage (i.e. storage) charges from the terminal, Global.

15.     After the containers were discharged, they were taken, in due course, into the constructive possession of U.S. Customs and placed in General Order (i.e., storage under control of the governmental authorities) because QINGDAO, JUNCTION, INTERNATIONAL FRESH, and/or JOHN DOE failed to timely clear the Goods into the United States on behalf of the importer of record and/or the consignee.

16.     Although the Goods were placed into General Order, the Goods had to remain in refrigerated containers stored at Global because U.S. Customs did not have bonded refrigerated storage facilities available in the New York area at that time.

17.     The daily demurrage charges assessed by Global continued to accrue during the period that the containers remained in General Order.

4

18.     HL sent numerous notifications to defendants JUNCTION, INTERNATIONAL FRESH, and QINGDAO, requesting that they take action to clear the Goods through U.S. Customs.

19.     JUNCTION, INTERNATIONAL FRESH, and QINGDAO failed to respond to these notifications and failed to take any action to clear the Goods through U.S. Customs.

20.     JOHN DOE also failed to take the required action to clear the Goods through U.S. Customs or to otherwise resolve the situation.

21.     HL sent numerous notifications to defendants JUNCTION, INTERNATIONAL FRESH and QINGDAO to place them on notice of the mounting demurrage, storage, detention and other related charges, for which they would be held accountable.

22.     JUNCTION, INTERNATIONAL FRESH, and QINGDAO failed to remit payment for the demurrage, storage, detention, and other related charges.

23.     JUNCTION, INTERNATIONAL FRESH and QINGDAO expressly abandoned the Goods.

24.     JUNCTION, INTERNATIONAL FRESH and QINGDAO impliedly abandoned the Goods.

25.     During the period that the Goods were in General Order, HL's attorneys remained in close contact with various representatives from U.S. Customs and made repeated requests to U.S. Customs for permission to either sell or dispose of the Goods in order to mitigate the mounting demurrage charges; however, U.S. Customs advised that under no circumstances were the Goods to be removed, sold, or destroyed without express orders from U.S. Customs.

445099.1

26.     In due course, U.S. Customs granted permission to HL to destroy and/or dispose of the Goods.

27.     Upon notice to all interested parties, the destruction and/or disposal of the Goods in all seven containers was carried out at HL's sole expense on or about May 7, 2015.

28.     JUNCTION, INTERNATIONAL FRESH and QINGDAO failed to remit payment for the costs associated with the destruction and disposal of the Goods despite due demand for same.

## FIRST CAUSE OF ACTION
### (Breach of the Bill of Lading against all Defendants)

29.     HL repeats and realleges each and every allegation set forth in paragraphs 1 though 28 hereof with the same force and effect as if fully set forth herein.

30.     By reason of their failure to clear the Goods through Customs and/or to take delivery of the Goods, JUNCTION, INTERNATIONAL FRESH, QINGDAO and JOHN DOE breached the terms and conditions of HL's bill of lading.

31.     By reason of their failure to take any action to effect the removal, sale, or disposal of the Goods once they were placed in General Order, JUNCTION, INTERNATIONAL FRESH, QINGDAO, and JOHN DOE breached the terms and conditions of HL's bill of lading.

32.     By reason of their failure to remit payment for the storage, demurrage, detention, destruction, disposal, removal and other charges arising from, related to, or in connection with the events described in this Complaint, JUNCTION, INTERNATIONAL FRESH, QINGDAO, and JOHN DOE breached the terms and conditions of HL's bill of lading.

445099.1

33.     Due to the failures, inactions, omissions, and wrongful conduct of the defendants, HL obtained a lien over the Goods pursuant to the terms and conditions of its bill of lading.

34.     Due to the failures, inactions, omissions, and wrongful conduct of the defendants, HL obtained a carrier's lien over the Goods pursuant to operation of law.

35.     Due to JUNCTION, INTERNATIONAL FRESH, QINGDAO, and JOHN DOE's breach of the terms and conditions of the bills of lading, HL incurred various damages, all of which are recoverable under the terms and conditions of the bills of lading and/or the general maritime law and/or other applicable law.   These damages include, but are not limited to, the following estimates:

| | | |
|---|---|---|
| 1.) | Detention Charges per HL's tariff | $357,048.00 |
| 2.) | Container demurrage and monitoring | $180,236.00 |
| 3.) | Disposal (trucking/destruction costs) | $ 72,900.50 |
| 4.) | Exam and Drayage Charges | $ 11,340.00 |
| 5.) | Chassis usage | $ 1,887.00 |
| 6.) | Surveys | $ 1,764.00 |
| | **TOTAL:** | **$625,175.50** |

36.     HL has duly satisfied all of its obligations to JUNCTION, INTERNATIONAL FRESH, QINGDAO, and JOHN DOE under the bills of lading.

### SECOND CAUSE OF ACTION
**(Negligence against JOHN DOE)**

37.     HL repeats and realleges each and every allegation set forth in paragraphs 1 though 36 hereof with the same force and effect as if fully set forth herein.

38.     Based on information and belief, Defendant JOHN DOE acted as a customs broker on behalf of the shipper and/or consignee with respect to the seven containers of Goods in this matter.

7

445099.1

39.     Pursuant to 19 U.S.C. § 1651, JOHN DOE had a duty to exercise reasonable supervision over the customs business it conducts.

40.     JOHN DOE breached its statutory and common law duties by failing to take reasonable care to ensure that the Merchant had all applicable documentation needed to ensure that the Goods would clear U.S. Customs and make entry into the United States.

41.     By reason of JOHN DOE's negligence and breach of its statutory duties, the Goods in this matter did not make entry and were placed in General Order by U.S. Customs.

42.     As a result of JOHN DOE's negligence, inaction, and breach of its statutory duties, HL incurred damages as more fully set forth and described in Paragraph 35 herein.

## THIRD CAUSE OF ACTION
### (Negligence against Junction, International Fresh, and Qingdao)

43.     HL repeats and realleges each and every allegation set forth in paragraphs 1 though 42 hereof with the same force and effect as if fully set forth herein.

44.     As shippers and/or importers of the Goods into the United States, defendants JUNCTION, INTERNATIONAL FRESH, QINGDAO had a duty to ensure compliance with and/or to satisfy all applicable laws, regulations, duties, and tariffs associated with the importation of goods into the United States.

45.     JUNCTION, INTERNATIONAL FRESH, and QINGDAO breached these duties by failing to plan for and/or to take the required action necessary to ensure that the Goods would clear U.S. Customs and make entry into the United States.

46.     By reason of JUNCTION, INTERNATIONAL FRESH, and QINGDAO's negligence and failure to comply with and/or satisfy all applicable laws, regulations, duties, and

tariffs, the Goods in this matter did not make entry and were placed in General Order by U.S. Customs.

47.     As a result of JUNCTION, INTERNATIONAL FRESH, and QINGDAO's negligence and inaction, HL incurred damages as more fully set forth and described in Paragraph 35 herein.

**FOURTH CAUSE OF ACTION**
**(Indemnification against all Defendants)**

48.     HL repeats and realleges each and every allegation set forth in paragraphs 1 though 47 hereof with the same force and effect as if fully set forth herein.

49.     The damages complaint of in Paragraph 35 herein were directly and proximately caused by the wrongful actions of defendants QINGDAO, JUNCTION, INTERNATIONAL FRESH, and JOHN DOE.

50.     Accordingly, defendants QINGDAO, JUNCTION, INTERNATIONAL FRESH, and JOHN DOE are liable to HL for common law and/or statutory indemnification and/or contribution for HL's payment of all storage, demurrage, destruction, disposal, removal, and other related costs, charges, and fees incurred by HL arising from, related to, or in connection with the events described in this Complaint.

**FIFTH CAUSE OF ACTION**
**(Breach of the Covenant of Good Faith and Fair Dealing against all Defendants)**

51.     HL repeats and realleges each and every allegation set forth in paragraphs 1 though 50 hereof with the same force and effect as if fully set forth herein.

9

52.     Each defendant qualified as the "Merchant" as that term is defined by the terms and conditions of HL's bill of lading.  Implied in this contractual relationship was defendants' covenant of good faith and fair dealing.

53.     Defendants' actions as previously set forth in this Complaint breached this implied covenant of good faith and fair dealing.

54.     Defendants' breaches have caused HL to incur damages as more fully set forth and described in Paragraph 35 herein.

## SIXTH CAUSE OF ACTION
### (Punitive Damages against all Defendants)

55.     HL repeats and realleges each and every allegation set forth in paragraphs 1 though 54 hereof with the same force and effect as if fully set forth herein.

56.     JUNCTION and/or INTERNATIONAL FRESH and/or QINGDAO and/or JOHN DOE acted intentionally, willfully, recklessly, and wantonly in attempting to ship the Goods into the United States, despite knowing that it/they would not be able to clear the Goods through U.S. Customs.

57.     JUNCTION and/or INTERNATIONAL FRESH and/or QINGDAO and/or JOHN DOE acted intentionally, willfully, recklessly, and wantonly in abandoning the Goods and failing to take action to resolve the situation directly with U.S. Customs, despite receiving repeated notices from HL that the Goods had not cleared U.S. Customs and were incurring daily storage, detention, and/or demurrage charges.

58.     JUNCTION and/or INTERNATIONAL FRESH and/or QINGDAO and/or JOHN DOE acted intentionally, willfully, recklessly, and wantonly by failing to take any action to

destroy and/or dispose of the Goods, despite receiving repeated notices from HL that U.S. Customs had ordered that the Goods be destroyed and disposed of, thereby causing HL to incur the costs associated with the destruction and disposal of the Goods, in addition to the aforementioned storage, demurrage, and detention charges.

59.    Due to the intentional, willful, reckless, and wanton conduct of JUNCTION and/or INTERNATIONAL FRESH and/or QINGDAO and/or JOHN DOE in this matter, the award of punitive damages, including, but not limited to an award of attorneys fees, is warranted.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HAPAG-LLOYD (AMERICA), LLC demands judgment and relief as follows:

1.    On the first cause of action, imposing liability for breach of the bills of lading upon JUNCTION INTERNATIONAL LOGISTICS, INC., INTERNATIONAL FRESH TRADING CORP., QINGDAO CHONGZHI INTERNATIONAL TRANSPORTATION CO., LTD., and JOHN DOE, and awarding HL damages as against these defendants, jointly and severally, in principal amount of $625,175.50, plus interest, costs and attorneys' fees;

2.    On the second cause of action, imposing liability for negligence upon JOHN DOE, and awarding HL damages as against this defendant in principal amount of $625,175.50, plus interest, costs and attorneys' fees;

3.    On the third cause of action, imposing liability for negligence upon JUNCTION INTERNATIONAL LOGISTICS, INC., INTERNATIONAL FRESH TRADING CORP., and QINGDAO CHONGZHI INTERNATIONAL TRANSPORTATION CO., awarding HL

445099.1

damages as against these defendants, jointly and severally, in principal amount of $625,175.50, plus interest, costs and attorneys' fees;

4.      On the fourth cause of action, imposing liability for indemnification upon JUNCTION INTERNATIONAL LOGISTICS, INC., INTERNATIONAL FRESH TRADING CORP., QINGDAO CHONGZHI INTERNATIONAL TRANSPORTATION CO., LTD., and JOHN DOE, and awarding HL damages as against these defendants, jointly and severally, in principal amount of $625,175.50, plus interest, costs and attorneys' fees;

5.      On the fifth cause of action, imposing liability for breach of the implied covenant of good faith and fair dealing upon JUNCTION INTERNATIONAL LOGISTICS, INC., INTERNATIONAL FRESH TRADING CORP., QINGDAO CHONGZHI INTERNATIONAL TRANSPORTATION CO., LTD., and JOHN DOE, and awarding HL damages as against these defendants, jointly and severally, in principal amount of $625,175.50, plus interest, costs and attorneys' fees; and

6.      Imposing punitive damage on JUNCTION INTERNATIONAL LOGISTICS, INC., INTERNATIONAL FRESH TRADING CORP. QINGDAO CHONGZHI INTERNATIONAL TRANSPORTATION CO., LTD., and JOHN DOE; and

4.      Granting HL such other, further and different relief as this Court deems just and proper in the premises.

Dated: New York, New York
        March 24, 2016

445099.1

Respectfully submitted,

By: _Michael Fernandez_

Michael Fernandez
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Plaintiff*
*Hapag-Lloyd (America), LLC*
549 Summit Ave.
Jersey City, NJ 07306
(973) 623-5514
fernandez@freehill.com

13

445099.1